**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DR. ANDREW E. GOMES, | § | |
| | § | |
| NIRP MANAGEMENT, LLC, doing business as PAD Specialists, | § § | |
| | § | |
| NIRP SUGAR LAND, PLLC, doing business as PAD Specialists - Sugar Land, | § § | Civil Action No. 1:24-CV-783 |
| | § | |
| NIRP PASADENA, PLLC, doing business as PAD Specialists - Pasadena, | § § | |
| | § | |
| NIRP HOUSTON, PLLC, doing business as PAD Specialists - Houston, | § § | |
| | § | |
| NIRP WACO, PLLC, doing business as PAD Specialists - Austin, and | § § | |
| | § | |
| NIRP VICTORIA, PLLC, doing business as PAD Specialists - Victoria, | § § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

For its Complaint, plaintiff United States of America, by and through the United States

Attorney for the Western District of Texas, alleges as follows:

### INTRODUCTION

1. The United States brings this action against Dr. Andrew E. Gomes and several of

his PAD Specialists medical practices to recover civil penalties under the Controlled Substances

Act ("CSA") and its implementing regulations for negligently failing to maintain required

controlled substances records.

2.      Dr. Gomes is a registered practitioner with the Drug Enforcement Administration ("DEA") and is authorized to handle Schedule II through V controlled substances. He holds DEA registrations at multiple PAD Specialists locations.

3.      In August 2021, Dr. Gomes entered into a Memorandum of Agreement ("MOA") with DEA following the discovery of CSA recordkeeping violations at a PAD Specialists location in Sugar Land, Texas. The MOA imposed restrictions on all current and future DEA registrations held by Dr. Gomes.

4.      The MOA required Dr. Gomes to notify the DEA's San Antonio District Office of any changes to his registration and to comply with the requirements of the CSA and all other laws and regulations relating to controlled substances. In exchange, DEA agreed not to take administrative action against Dr. Gomes' registrations based on the violations at Sugar Land.

5.      In November 2022, the DEA executed five Administrative Inspection Warrants ("AIWs") at PAD Specialists locations throughout Texas to assess Dr. Gomes' compliance with the terms of his MOA.

6.      Through its inspections of these locations and corresponding review of records, the DEA determined that Dr. Gomes had repeatedly violated the terms of his MOA by failing to maintain complete and accurate records and by failing to comply with other recordkeeping requirements under the CSA and its implementing regulations.

7.      A DEA registrant who negligently fails to keep or maintain required records violates the CSA and is liable to the United States for a civil penalty for each such violation. Dr. Gomes' complete disregard for his obligation to keep and maintain records of the controlled substances held at Sugar Land and four other PAD Specialists locations even after agreeing to an MOA with DEA justifies the imposition of substantial civil penalties.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 21 U.S.C.

§ 842(c)(1) and 28 U.S.C. §§ 1345 and 1355.

9.      Venue is appropriate in the Western District of Texas under 28 U.S.C. § 1395(a)

because civil penalties accrued in this judicial district and because one or more defendants may be

found in this judicial district.

## PARTIES

10.      Plaintiff is the United States of America, acting on behalf of the DEA, a component

of the Department of Justice. DEA is a federal law enforcement agency responsible for enforcing

the controlled substances laws and regulations of the United States.

11.      Defendant Andrew E. Gomes, a diagnostic and interventional radiologist, is a

natural person. Dr. Gomes is the CEO and Medical Director of PAD Specialists, a medical practice

with multiple locations in Texas and other states.

12.      Defendant NIRP Management, LLC, doing business as PAD Specialists, is a Texas

limited liability company. It can be served with process through its registered agent, Andrew E.

Gomes, at 3730 Kirby Drive, Suite 1200, Houston, Texas 77098.

13.      Defendant NIRP Sugar Land, PLLC, doing business as PAD Specialists - Sugar

Land, is a Texas professional limited liability company located at 7616 Branford Place, Suite 140,

Sugar Land, Texas 77479. Dr. Gomes holds DEA Certificate of Registration FG5747110 at this

address. NIRP Sugar Land, PLLC can be served with process through its registered agent, Andrew

E. Gomes, at 3730 Kirby Drive, Suite 1200, Houston, Texas 77098.

14.      Defendant NIRP Pasadena, PLLC, doing business as PAD Specialists - Pasadena,

is a Texas professional limited liability company located at 3412 Burke Road, Suite 100, Pasadena,

Texas 77504. Dr. Gomes holds DEA Certificate of Registration FG6981066 at this address. NIRP

Pasadena, PLLC can be served with process through its registered agent, Andrew E. Gomes, at 3730 Kirby Drive, Suite 1200, Houston, Texas 77098.

15.     Defendant NIRP Houston, PLLC, doing business as PAD Specialists - Houston, is a Texas professional limited liability company located at 10023 South Main Street, Suite C-10, Houston, Texas 77025. Dr. Gomes holds DEA Certificate of Registration FG7118551 at this address. NIRP Houston, PLLC can be served with process through its registered agent, Andrew E. Gomes, at 3730 Kirby Drive, Suite 1200, Houston, Texas 77098.

16.     Defendant NIRP Waco, PLLC, doing business as PAD Specialists - Austin, is a Texas professional limited liability company located at 8611 North Mopac Expressway, Suite 250, Austin, Texas 78759. Dr. Gomes holds DEA Certificate of Registration FG0379758 at this address. NIRP Waco, PLLC can be served with process through its registered agent, Andrew E. Gomes, at 3730 Kirby Drive, Suite 1200, Houston, Texas 77098.

17.     Defendant NIRP Victoria, PLLC, doing business as PAD Specialists - Victoria, is a Texas professional limited liability company located at 1908 N Laurent Street, Suite 120, Victoria, Texas 77901. Dr. Gomes holds DEA Certificate of Registration FG7546685 at this address. NIRP Victoria, PLLC can be served with process through its registered agent, Andrew E. Gomes, at 3730 Kirby Drive, Suite 1200, Houston, Texas 77098.

18.     During the time relevant to this Complaint, PAD Specialists operated other locations at which Dr. Gomes held a DEA Certificate of Registration, including: (i) 427 W 20th Street, Suite 300, Houston, Texas 77008 (DEA Certificate of Registration FG7902744); (ii) 17191 St. Luke's Way, Suite 280, Conroe, Texas 77384 (DEA Certificate of Registration FG1217632); (iii) 6419 Polaris Drive, Suite B2, Laredo, Texas 78041 (DEA Certificate of Registration

FG0322848); and (iv) 1810 Murchison Drive, Suite 104, El Paso, Texas 79902 (DEA Certificate of Registration FG8570106).

## THE CONTROLLED SUBSTANCES ACT

19.     The CSA and its implementing regulations seek to deter, detect, and eliminate the diversion of controlled substances and listed chemicals into the illicit market while ensuring that an adequate supply of controlled substances and listed chemicals is available for legitimate medical, scientific, research, and industrial purposes.

20.     The CSA categorizes controlled substances in five schedules.

    a.   Schedule I includes drugs with a "high potential for abuse" that have "no currently acceptable medical use" and lack "accepted safety for use of the drug … under medical supervision." 21 U.S.C. § 812(b)(1). Heroin and LSD are examples of Schedule I controlled substances.

    b.   Schedule II includes drugs with "a high potential for abuse" that "may lead to severe psychological or physical dependence" but that have "a currently accepted medical use in treatment." 21 U.S.C. § 812(b)(2). Fentanyl and morphine are examples of Schedule II controlled substances.

    c.   Schedule III includes drugs with a "potential for abuse less than the drugs" in Schedules I and II that may lead to "moderate or low physical dependence or high psychological dependence" and that have "a currently accepted medical use in treatment." 21 U.S.C. § 812(b)(3). Ketamine and anabolic steroids are examples of Schedule III controlled substances.

    d.   Schedule IV includes drugs with a "low potential for abuse" compared to drugs in Schedule III that may lead to "limited physical or psychological dependence" and

have a "currently accepted medical use in treatment." 21 U.S.C. § 812(b)(4). Midazolam

(Versed) and alprazolam (Xanax) are examples of Schedule IV controlled substances.

      e.  Schedule V includes drugs with a "a low potential for abuse" compared to

drugs in Schedule IV that may lead to "limited physical or psychological dependence" and

have a "currently accepted medical use in treatment." 21 U.S.C. § 812(b)(5). A cough

preparation with less than 200 milligrams of codeine per 100 milliliters is an example of a

Schedule V controlled substance.

21.    Under the framework of the CSA, all controlled substance transactions take place

within a closed system of distribution established by Congress. Within this closed system, all

legitimate handlers of controlled substances must be registered with DEA (unless exempt) and

must maintain strict accounting for all controlled substance transactions.

22.    The CSA requires any person who manufactures, distributes, dispenses, or

prescribes controlled substances to register with the Attorney General through DEA. 21 U.S.C.

§ 822(a). A separate registration is required for each principal place of business or professional

practice where the person manufactures, distributes, or dispenses controlled substances. *Id.*

§ 822(e)(1); 21 C.F.R. § 1301.12(a).

23.    DEA is authorized to inspect any location where registrants may hold, manufacture,

distribute, dispense, administer, or otherwise dispose of controlled substances. 21 U.S.C. §§ 880,

965. DEA may inspect, copy, and verify the correctness of records required to be kept or made

under the CSA, and may make a physical inventory of controlled substances located at the

premises. 21 C.F.R. § 1316.03.

24.    DEA registrants are required to maintain complete and accurate records of each

controlled substance manufactured, received, sold, delivered, or otherwise disposed of. 21 U.S.C.

§ 827(a)(3). Each inventory or other record must contain certain information required by DEA regulation, must be maintained separately and/or in a readily retrievable form, and must be kept and made available for inspection and copying by DEA for at least two years. *Id.* § 827(b).

25.     With limited exceptions, distribution of any Schedule I or Schedule II controlled substances must be documented on a DEA Form 222. 21 U.S.C. § 828(c); 21 C.F.R. § 1305.03.

26.     Any person who "refuse[s] or negligently fail[s] to make, keep, or furnish any record, report, notification, declaration, order or order form, statement, invoice, or information" required by the CSA is subject to a civil penalty for each violation. 21 U.S.C. § 842(a)(5).

27.     For any penalty assessed after February 12, 2024, where the violation occurred after November 2, 2015, the maximum penalty that may be imposed is $18,759 per violation. 21 U.S.C. § 842(c)(1)(B)(i); 28 C.F.R. § 85.5. There is no statutory minimum penalty.

### DEA INSPECTIONS

28.     In November 2020, DEA's San Antonio District Office conducted an inspection of PAD Specialists' Sugar Land location (DEA FG5747110). The inspection revealed multiple recordkeeping violations.

29.     On August 5, 2021, Dr. Gomes and the DEA entered into an administrative MOA that applied to each of Dr. Gomes' current and future registrations and would remain in effect from August 5, 2021, to August 5, 2024.

30.     Dr. Gomes agreed in the MOA to notify DEA's San Antonio District Office fourteen (14) days prior to making any request to modify a registration or applying for any additional registered location in the State of Texas.

31.     Dr. Gomes also agreed in the MOA to (a) maintain inventories and records of controlled substances listed in Schedule II separately from all other records, in accordance with 21 C.F.R. § 1304.04(f)(1); (b) maintain separately from all of the other records, or in such form that

the information required is readily retrievable from the ordinary business records, inventories and records of controlled substances listed in Schedules III through V, in accordance with 21 C.F.R. § 1304.04(f)(2); (c) maintain a biennial inventory, in accordance with 21 C.F.R. § 1304.11(c); (d) maintain complete and accurate records of each controlled substance, in accordance with 21 C.F.R. § 1304.21(a); and (e) otherwise abide by all federal, state, and local laws and regulations relating to controlled substances. Dr. Gomes agreed to provide DEA's San Antonio District Office copies of his biennial inventory for the duration of the MOA.

32.     On August 31, 2021, Dr. Gomes violated the MOA by applying for a new DEA registration without first notifying DEA's San Antonio District Office. In September 2022, Dr. Gomes surrendered the registration for cause.

33.     On August 31, 2021, Dr. Gomes violated the MOA by applying for a second new DEA registration without first notifying DEA's San Antonio District Office. Dr. Gomes withdrew the application in lieu of an order to show cause.

34.     In December 2021, Dr. Gomes violated the MOA by modifying his registered address in El Paso under DEA Certificate of Registration FG8570106 without first notifying DEA's San Antonio District Office.

35.     In January 2022, Dr. Gomes violated the MOA when 25 vials of fentanyl were transferred between his DEA-registered clinics without the use of DEA Form 222, which is required for transfers of Schedule II controlled substances between DEA registrations.

36.     In May 2022, Dr. Gomes violated the MOA when an employee of PAD Specialists attempted to board a flight from Victoria to El Paso with 50 vials of fentanyl, purportedly for the purpose of transferring the fentanyl to Dr. Gomes' registered location in El Paso. The attempted

transfer was not documented on a DEA Form 222, as required to transfer Schedule II controlled substances between DEA registrations.

37.     In September 2022, Dr. Gomes violated the MOA by failing to maintain required records at his El Paso registered location. DEA's El Paso Division Office conducted an inspection of the El Paso location following the change of address. The inspection revealed a shortage of fentanyl 100mcg/2ml, an overage of midazolam 2mg/2ml, and several other recordkeeping violations. Following the inspection, Dr. Gomes retired DEA Certificate of Registration FG8570106.

38.     In November 2022, DEA's San Antonio District Office, in conjunction with DEA's Houston Division Office and Austin District Office, executed AIWs at PAD Specialists' Sugar Land (DEA FG5747110), Pasadena (DEA FG6981066), Houston (DEA FG7118551), Austin (DEA FG0379758), and Victoria (DEA FG7546685) registered locations.

39.     DEA was unable to execute an AIW at a second Houston location (DEA FG7902744) because PAD Specialists employees were not present. DEA learned that the owner of the building (a medical practice) would no longer permit PAD Specialists to perform surgeries at this location. The building's management told DEA that they had encountered numerous issues with PAD Specialists' operations, including open vials of fentanyl and syringes filled with unknown substances left unsecured on counters, drugs administered by a medical assistant without a physician present, and shipments of controlled substances left unattended in the office for several days. The office manager stated that they had limited PAD Specialists to performing patient consultations at this location because "you can't kill patients during consultations."

40.     In connection with the inspections of the five registered locations they were able to access, DEA investigators (a) inspected and copied records required to be kept or made under the

CSA; (b) conducted accountability audits of the controlled substances on hand at each location; and (c) obtained transaction records from Dr. Gomes' suppliers of controlled substances. DEA investigators also interviewed PAD Specialists employees located at each location.

41.     During these inspections, DEA investigators identified additional failures to secure controlled substances. For example, at the Pasadena location, DEA investigators learned that a PAD Specialists employee had placed 85 vials of fentanyl received from El Paso in an IT closet in early October 2022. More than a week later, another employee whose name was not on the controlled substance access list unlocked the IT closet and prepared the fentanyl for shipment to El Paso. In addition, the Pasadena facility administrator identified four individuals who had access to controlled substances but were not on the controlled substance access list provided to DEA investigators. Another employee told DEA investigators that packages containing controlled substances were placed in an unlocked storage room and that the door to the storage room remained open during the day.

42.     DEA investigators also discovered that Dr. Gomes and PAD Specialists had not addressed the specific deficiencies identified in the MOA.

      a.     At four of the five PAD Specialists locations inspected, Dr. Gomes failed to maintain inventories and records of controlled substances listed in Schedule II separately from all other records, as required by 21 C.F.R. § 1304.04(f)(1), despite specifically agreeing to do so in the MOA.

      b.     At four of the five PAD Specialists locations inspected, Dr. Gomes failed to maintain inventories and records of controlled substances listed in Schedules III through V separately from other records, as required by 21 C.F.R. § 1304.04(f)(2), despite specifically agreeing to do so in the MOA.

c.      At all five PAD Specialists locations inspected, Dr. Gomes failed to maintain complete and accurate records of each controlled substance, as required by 21 C.F.R. § 1304.21(a), despite specifically agreeing to do so in the MOA.

43.      DEA investigators also determined that Dr. Gomes committed additional CSA recordkeeping violations at each of the registered locations despite agreeing in the MOA to abide by all federal, state, and local laws and regulations relating to controlled substances.

**COUNT I**
**Multiple Violations of 21 U.S.C. § 842(a)(5) by**
**Dr. Gomes, PAD Specialists, and PAD Specialists - Sugar Land**

44.      The United States realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

45.      At all times relevant to the Complaint, Dr. Gomes maintained DEA Certificate of Registration FG5747110 at 7616 Branford Place, Suite 140, Sugar Land, Texas 77479.

46.      Dr. Gomes refused or negligently failed to make, keep, or furnish the following records, reports, notifications, declarations, orders or order forms, statements, invoices, or information at the Sugar Land registered location.

47.      Dr. Gomes failed to maintain seven (7) invoices and/or packing slips for Schedule III through V controlled substances, in violation of 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.04(a).

| Invoice Number | Order Number | Ship Date |
| --- | --- | --- |
| 29227557 | 42164988 | 8/27/2021 |
| 35573340 | 52807808 | 11/25/2021 |
| 36407053 | 54694890 | 12/15/2021 |
| 36762118 | 55058119 | 12/24/2021 |
| 38154850 | 58152997 | 1/27/2022 |
| 39881295 | 60965681 | 3/10/2022 |
| 41522013 | 64878365 | 4/21/2022 |

48.     Dr. Gomes maintained twelve (12) DEA Forms 222 at the Sugar Land location that were registered at the Houston location (DEA FG7902744), in violation of 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.04(b)(1).

| DEA 222 Order Form Number | | |
|---|---|---|
| 221576600 | 221576601 | 221576602 |
| 221576603 | 221576604 | 221576605 |
| 221576606 | 221576607 | 221576608 |
| 221576609 | 221576610 | 221576612 |

49.     Dr. Gomes failed to separate Schedule II controlled substances from non-controlled substances on one (1) transfer form, in violation of 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.04(f)(1). The invoice was in connection with a transfer of 25 vials of fentanyl 50mcg/ml from the Sugar Land registered location to the Conroe registered location on February 24, 2022.

50.     Dr. Gomes failed to separate Schedule III through V controlled substances from non-controlled substances on his dispensing log, in violation of 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.04(f)(2).

51.     A six-month accountability audit revealed shortages or overages for five (5) controlled substances, in violation of 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.21(a).

| Substance | Shortage (-) / Overage (+) |
|---|---|
| fentanyl 100mcg/ml | -35 vials (2ml vials) |
| Tylenol-3 325/5mg | -100 tablets |
| ketamine 50mg/ml | -4.9 vials (10ml vials) |
| midazolam 1mg/ml | -133 vials (2ml vials) |
| hydrocodone 5/325mg | +100 tablets |

52.     Dr. Gomes failed to record the date of receipt for Schedule III through V controlled substances on one (1) invoice, in violation of 21 U.S.C. § 827(b) and 21 C.F.R. § 1304.21(d).

| Invoice Number | Order Number | Ship Date |
|---|---|---|
| 45763494 | 703885400M | 8/11/2022 |

53.     Dr. Gomes failed to record his DEA registration number on one (1) invoice for Schedule III through V controlled substances, in violation of 21 U.S.C. § 827(b) and 21 C.F.R. § 1304.22(a)(2)(iv). The invoice was in connection with a transfer from the Sugar Land registered location to the Conroe registered location on January 27, 2022.

54.     Dr. Gomes failed to indicate the name and address of the person to whom a controlled substance was dispensed, the number of units or volume dispensed, and the written or typewritten name or initials of the individual who dispensed or administered the substance for five (5) controlled substances, in violation of 21 U.S.C. § 827(b) and 21 C.F.R. § 1304.22(c).

55.     Dr. Gomes failed to electronically link seven (7) Controlled Substance Ordering System orders upon receipt of controlled substances, in violation of 21 U.S.C. § 827(b) and 21 C.F.R. § 1305.22(g).

| Order Number | CSOS ID | Date |
|---|---|---|
| 51800192 | 21X272703 | 11/4/2021 |
| 53400539 | 21X274066 | 11/23/2021 |
| 54694890 | 21X275313 | 12/9/2021 |
| 62122359 | 22X282873 | 3/14/2022 |
| 62424933 | 22X283154 | 3/17/2022 |
| 66157476 | 22X286300 | 5/5/2022 |
| 75344238 | 22X293641 | 9/2/2022 |

56.     Dr. Gomes failed to properly document the distribution of Schedule II controlled substances to another registered practitioner for general dispensing on one (1) occasion, in violation of 21 U.S.C. § 827(b) and 21 C.F.R. § 1307.11(a)(1)(iii). The distribution was in connection with a transfer of 25 vials of fentanyl 50mcg/ml from the Sugar Land registered location to the Conroe registered location on February 24, 2022.

57.     Dr. Gomes failed to use a DEA Form 222 for transferring a Schedule II controlled substance on one (1) occasion, in violation of 21 U.S.C. § 828(a) and 21 C.F.R. § 1305.03. This

relates to a transfer of 25 vials of fentanyl 50mcg/ml from the Sugar Land registered location to the Conroe registered location on February 24, 2022.

58.    Dr. Gomes failed to maintain two (2) DEA Forms 222 for transferring Schedule II controlled substances to a reverse distributor, in violation of 21 U.S.C. § 828(c) and 21 C.F.R. § 1305.17(c).

| DEA 222 Order Form Number | Date Received |
|---|---|
| 211078334 | 9/10/2021 |
| 220111728 | 3/21/2022 |

59.    Dr. Gomes failed to maintain one (1) copy of an electronic order for Schedule II controlled substances, in violation of 21 U.S.C. § 828(c) and 21 C.F.R. § 1305.27(a).

| Order Number | CSOS ID | Date |
|---|---|---|
| 47259668 | 21X269942 | 10/1/2021 |

60.    Dr. Gomes failed to maintain one (1) Controlled Substance Ordering System electronic record, in violation of 21 U.S.C. § 828(c) and 21 C.F.R. § 1311.60(a).

| Order Number | CSOS ID | Date |
|---|---|---|
| 47259668 | 21X269942 | 10/1/2021 |

61.    At all times relevant to these allegations, Dr. Gomes was acting (a) within the scope of his authority as the CEO and Medical Director of PAD Specialists and PAD Specialists - Sugar Land, and (b) for the purpose of benefitting PAD Specialists and PAD Specialists - Sugar Land. Accordingly, PAD Specialists and PAD Specialists - Sugar Land are vicariously liable for Dr. Gomes' violations of 21 U.S.C. § 842(a)(5).

62.    Pursuant to 21 U.S.C. § 842(c) and 28 C.F.R. § 85.5, the United States is entitled to recover a penalty of up to $18,759 for each violation of 21 U.S.C. § 842(a)(5) set forth above.

**COUNT II**
**Multiple Violations of 21 U.S.C. § 842(a)(5) by**
**Dr. Gomes, PAD Specialists, and PAD Specialists - Pasadena**

63.     The United States realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

64.     At all times relevant to the Complaint, Dr. Gomes maintained DEA Certificate of Registration FG6981066 at 3412 Burke Road, Suite 100, Pasadena, Texas 77504.

65.     Dr. Gomes refused or negligently failed to make, keep, or furnish the following records, reports, notifications, declarations, orders or order forms, statements, invoices, or information at the Pasadena registered location.

66.     Dr. Gomes failed to maintain dispensing records for five (5) controlled substances, in violation of 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.04(a).

67.     Dr. Gomes failed to separate Schedule II controlled substances from Schedule III through V controlled substances on his biennial inventory, in violation of 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.04(f)(1).

68.     Dr. Gomes failed to separate Schedule III through V controlled substances from non-controlled substances on his dispensing log, in violation of 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.04(f)(2).

69.     A six-month accountability audit revealed shortages or overages for five (5) controlled substances, in violation of 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.21(a).

| Substance | Shortage (-) / Overage (+) |
|---|---|
| fentanyl 50mcg/ml | +55 vials (5ml vials) |
| fentanyl 50mcg/ml | -100 vials (10ml vials) |
| morphine 4mg/ml | +10 syringes |
| ketamine 50mg/ml | -11.3 vials (10ml vials) |
| midazolam 1mg/ml | -85 vials (2ml vials) |

70.     Dr. Gomes failed to record the quantity received on seven (7) packing slips and on one (1) transfer form/invoice for Schedule III through V controlled substances, in violation of 21 U.S.C. § 827(b) and 21 C.F.R. § 1304.21(d). The invoice was for a transfer from the El Paso registered location to the Pasadena registered location on September 30, 2022. The packing slips are identified in the chat below.

| Order Number | Ship Date |
|---|---|
| 635808511M | 8/20/2021 |
| 636574361M | 8/24/2021 |
| 657703598M | 12/10/2021 |
| 659295492M | 12/18/2021 |
| 663883951M | 1/12/2022 |
| 684790683M | 4/30/2022 |
| 703885303M | 8/11/2022 |

71.     Dr. Gomes failed to record his DEA registration number on one (1) invoice for Schedule III through V controlled substances, in violation of 21 U.S.C. § 827(b) and 21 C.F.R. § 1304.22(a)(2)(iv). The invoice was in connection with a transfer from the Pasadena registered location to the Conroe registered location on January 13, 2022.

72.     Dr. Gomes failed to indicate the name and/or address of the person to whom a controlled substance was dispensed, the number of units or volume dispensed, and/or the written or typewritten name or initials of the individual who dispensed or administered the substance for five (5) controlled substances, in violation of 21 U.S.C. § 827(b) and 21 C.F.R. § 1304.22(c).

73.     Dr. Gomes failed to properly complete a DEA Form 222 for transferring a Schedule II controlled substance by filling out the date shipped in Part 5 on one (1) occasion, in violation of 21 U.S.C. § 828(a) and 21 C.F.R. § 1305.13(b).

| DEA 222 Order Form Number | Date Shipped |
|---|---|
| 221678816 | 10/18/2022 |

74.     Dr. Gomes failed to properly complete a DEA Form 222 for transferring a Schedule II controlled substance by signing as an alternative supplier in Part 3 on one (1) occasion, in violation of 21 U.S.C. § 828(a) and 21 C.F.R. § 1305.14(a).

| DEA 222 Order Form Number | Date Shipped |
|---|---|
| 221678816 | 10/18/2022 |

75.     Dr. Gomes failed to properly document the distribution of Schedule III through V controlled substances to another registered practitioner for general dispensing on two (2) occasions, in violation of 21 U.S.C. § 827(b) and 21 C.F.R. § 1307.11(a)(1)(ii). The first occasion related to a transfer between the Pasadena registered location and the Conroe registered location on January 13, 2022. The second occasion related to a transfer between the El Paso registered location and the Pasadena registered location on September 30, 2022.

76.     Dr. Gomes failed to properly document the distribution of Schedule II controlled substances to another registered practitioner for general dispensing on two (2) occasions, in violation of 21 U.S.C. § 827(b) and 21 C.F.R. § 1307.11(a)(1)(iii). These related to a transfer of 25 vials of fentanyl 50mcg/ml from the Pasadena registered location to the Austin registered location on November 30, 2021, and a transfer of 25 vials of fentanyl 50mcg/ml from the Pasadena registered location to the Austin registered location on December 13, 2021.

77.     Dr. Gomes failed to record the full date shipped on one (1) DEA Form 222 and failed to complete Part 4 on one (1) DEA Form 222 for reverse distribution, in violation of 21 U.S.C. § 827(b) and 21 C.F.R. § 1317.10(b).

| DEA 222 Order Form Number | Date |
|---|---|
| 220331903 | 3/23/2022 |
| 221379020 | 9/26/XXXX[*] |

---

[*] No year was indicated.

78.     Dr. Gomes failed to indicate the date received on one (1) DEA Form 222 upon receipt of Schedule II controlled substances, in violation of 21 U.S.C. § 828(c) and 21 C.F.R. § 1305.13(e).

| DEA 222 Order Form Number | Date |
| --- | --- |
| 221576725 | 9/30/2022 |

79.     Dr. Gomes failed to maintain one (1) DEA Form 222 separate from all other records and available for inspection and failed to maintain one (1) DEA Form 222 for transferring Schedule II controlled substances to a reverse distributor, in violation of 21 U.S.C. § 828(c) and 21 C.F.R. § 1305.17(c).

| DEA 222 Order Form Number | Date |
| --- | --- |
| 221058722 | 9/22/2022 |
| 221576725 | 9/30/2022 |

80.     At all times relevant to these allegations, Dr. Gomes was acting (a) within the scope of his authority as the CEO and Medical Director of PAD Specialists and PAD Specialists - Pasadena, and (b) for the purpose of benefitting PAD Specialists and PAD Specialists - Pasadena. Accordingly, PAD Specialists and PAD Specialists - Pasadena are vicariously liable for Dr. Gomes' violations of 21 U.S.C. § 842(a)(5).

81.     Pursuant to 21 U.S.C. § 842(c) and 28 C.F.R. § 85.5, the United States is entitled to recover a penalty of up to $18,759 for each violation of 21 U.S.C. § 842(a)(5) set forth above.

### COUNT III
### Multiple Violations of 21 U.S.C. § 842(a)(5) by
### Dr. Gomes, PAD Specialists, and PAD Specialists - Houston

82.     The United States realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

83.     At all times relevant to the Complaint, Dr. Gomes maintained DEA Certificate of Registration FG7118551 at 10023 South Main Street, Suite C-10, Houston, Texas 77025.

84.     Dr. Gomes refused or negligently failed to make, keep, or furnish the following records, reports, notifications, declarations, orders or order forms, statements, invoices, or information at the Houston registered location.

85.     Dr. Gomes failed to maintain one (1) invoice/packing slip for a Schedule III through V controlled substance, in violation of 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.04(a).

| Invoice Number | Order Number | Ship Date |
|---|---|---|
| 29095800 | 39830914 | 8/25/2021 |

86.     Dr. Gomes failed to separate Schedule II controlled substances from Schedule III through V controlled substances on his biennial inventory, in violation of 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.04(f)(1).

87.     Dr. Gomes failed to separate Schedule III through V controlled substances from Schedule II substances on his biennial inventory and failed to separate Schedule III through V controlled substances from non-controlled substances on his dispensing log, in violation of 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.04(f)(2).

88.     A six-month accountability audit revealed shortages or overages for four (4) controlled substances, in violation of 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.21(a).

| Substance | Shortage (-) / Overage (+) |
|---|---|
| fentanyl 50mcg/ml | +8 vials (5ml vials) |
| fentanyl 50mcg/ml | -5.5 vials (2ml vials) |
| ketamine 50mg/ml | -50.5 vials (10ml vials) |
| midazolam 1mg/ml | -38.5 vials (2ml vials) |

89.     Dr. Gomes failed to indicate the opening of business or the close of business on his biennial inventory, in violation of 21 U.S.C. § 827(b) and 21 C.F.R. § 1304.11(a).

90.     Dr. Gomes failed to record the date of receipt for Schedule III through V controlled substances on four (4) invoices and/or packing slips, in violation of 21 U.S.C. § 827(b) and 21 C.F.R. § 1304.21(d).

| Order Number | Order PO | Ship Date |
|---|---|---|
| 633930455M | 28825305 | 8/11/2021 |
| 657678267M | 29652279 | 12/10/2021 |
| 670186213M | 29629707 | 2/12/2022 |
| 700220964M | 30840635 | 7/22/2022 |

91.     Dr. Gomes failed to indicate the name and address of the person to whom a controlled substance was dispensed, the number of units or volume dispensed, and the written or typewritten name or initials of the individual who dispensed or administered the substance for four (4) controlled substances, in violation of 21 U.S.C. § 827(b) and 21 C.F.R. § 1304.22(c).

92.     Dr. Gomes failed to properly document the distribution of Schedule II controlled substances to another registered practitioner for general dispensing on two (2) occasions, in violation of 21 U.S.C. § 827(b) and 21 C.F.R. § 1307.11(a)(1)(iii). These relate to a transfer from the Houston registered location to the Conroe registered location on January 5, 2022, and a transfer of 25 vials of fentanyl 50mcg/ml from the Houston registered location to the Austin registered location on January 6, 2022.

93.     Dr. Gomes failed to use a DEA Form 222 for transferring a Schedule II controlled substance on two (2) occasion after entering the memorandum of agreement, in violation of 21 U.S.C. § 828(a) and 21 C.F.R. § 1305.03. These relate to a transfer from the Houston registered location to the Conroe registered location on January 5, 2022, and a transfer of 25 vials of fentanyl 50mcg/ml from the Houston registered location to the Austin registered location on January 6, 2022.

94.     At all times relevant to these allegations, Dr. Gomes was acting (a) within the scope of his authority as the CEO and Medical Director of PAD Specialists and PAD Specialists - Houston, and (b) for the purpose of benefitting PAD Specialists and PAD Specialists - Houston.

Accordingly, PAD Specialists and PAD Specialists - Houston are vicariously liable for Dr. Gomes' violations of 21 U.S.C. § 842(a)(5).

95.     Pursuant to 21 U.S.C. § 842(c) and 28 C.F.R. § 85.5, the United States is entitled to recover a penalty of up to $18,759 for each violation of 21 U.S.C. § 842(a)(5) set forth above.

**COUNT IV**
**Multiple Violations of 21 U.S.C. § 842(a)(5) by**
**Dr. Gomes and PAD Specialists**

96.     The United States realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

97.     Dr. Gomes maintained DEA Certificate of Registration FG7902744 at 427 W 20th Street, Suite 300, Houston, Texas 77008.

98.     Dr. Gomes negligently maintained twelve (12) DEA Forms 222 issued under DEA Registration FG7902744 at the Sugar Land registered location, in violation of 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.04(b)(1).

| DEA 222 Order Form Number | | |
|---|---|---|
| 221576600 | 221576601 | 221576602 |
| 221576603 | 221576604 | 221576605 |
| 221576606 | 221576607 | 221576608 |
| 221576609 | 221576610 | 221576611 |

99.     At all times relevant to these allegations, Dr. Gomes was acting (a) within the scope of his authority as the CEO and Medical Director of PAD Specialists, and (b) for the purpose of benefitting PAD Specialists. Accordingly, PAD Specialists is vicariously liable for Dr. Gomes' violations of 21 U.S.C. § 842(a)(5).

100.     Pursuant to 21 U.S.C. § 842(c) and 28 C.F.R. § 85.5, the United States is entitled to recover a penalty of up to $18,759 for each violation of 21 U.S.C. § 842(a)(5) set forth above.

**COUNT V**
**Multiple Violations of 21 U.S.C. § 842(a)(5) by**
**Dr. Gomes, PAD Specialists, and PAD Specialists - Austin**

101.    The United States realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

102.    At all times relevant to the Complaint, Dr. Gomes maintained DEA Certificate of Registration FG0379758 at 8611 North Mopac Expressway, Suite 250, Austin, Texas 78759.

103.    Dr. Gomes refused or negligently failed to make, keep, or furnish the following records, reports, notifications, declarations, orders or order forms, statements, invoices, or information at the Austin registered location.

104.    Dr. Gomes failed to maintain three (3) invoices and/or packing slips for Schedule III through V controlled substances, in violation of 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.04(a).

| Invoice Number | Order Number | Ship Date |
|---|---|---|
| 31159895 | 48061727 | 10/8/2021 |
| 31167123 | 48061727 | 10/9/2021 |
| 1039881270 | 60878094 | 3/10/2022 |

105.    A six-month accountability audit revealed shortages or overages for two (2) controlled substances, in violation of 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.21(a).

| Substance | Shortage (-) / Overage (+) |
|---|---|
| midazolam 1mg/ml | +0.5 vials (2ml vials) |
| ketamine 500mg/10ml | -0.9 vials (10ml vials) |

106.    Dr. Gomes failed to record the date of receipt for Schedule III through V controlled substances on two (2) invoices and/or packing slips, in violation of 21 U.S.C. § 827(b) and 21 C.F.R. § 1304.21(d).

| Order Number | Order PO | Ship Date |
|---|---|---|
| 656838164M | 29578336 | 12/07/2021 |
| 659272973M | 29459845 | 12/18/2021 |

107.    Dr. Gomes failed to indicate the name and address of the person to whom a controlled substance was dispensed, the number of units or volume dispensed, and/or the written or typewritten name or initials of the individual who dispensed or administered the substance for four (4) controlled substances, in violation of 21 U.S.C. § 827(b) and 21 C.F.R. § 1304.22(c).

108.    Dr. Gomes failed to maintain one (1) DEA Form 222 upon receipt of Schedule II controlled substances, in violation of 21 U.S.C. § 828(c) and 21 C.F.R. § 1305.17(c).

| DEA 222 Order Form Number | Date |
|---|---|
| 22X276943 | 01/07/2022 |

109.    At all times relevant to these allegations, Dr. Gomes was acting (a) within the scope of his authority as the CEO and Medical Director of PAD Specialists and PAD Specialists - Austin, and (b) for the purpose of benefitting PAD Specialists and PAD Specialists - Austin. Accordingly, PAD Specialists and PAD Specialists - Austin are vicariously liable for Dr. Gomes' violations of 21 U.S.C. § 842(a)(5).

110.    Pursuant to 21 U.S.C. § 842(c) and 28 C.F.R. § 85.5, the United States is entitled to recover a penalty of up to $18,759 for each violation of 21 U.S.C. § 842(a)(5) set forth above.

**COUNT VI**
**Multiple Violations of 21 U.S.C. § 842(a)(5) by**
**Dr. Gomes, PAD Specialists, and PAD Specialists - Victoria**

111.    The United States realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

112.    At all times relevant to the Complaint, Dr. Gomes maintained DEA Certificate of Registration FG7546685 at 1908 N Laurent Street, Suite 120, Victoria, Texas 77901.

113.    Dr. Gomes refused or negligently failed to make, keep, or furnish the following records, reports, notifications, declarations, orders or order forms, statements, invoices, or information at the Victoria registered location.

114.     Dr. Gomes failed to maintain three (3) invoices and/or packing slips for Schedule III through V controlled substances and failed to maintain dispensing records for four (4) controlled substances, in violation of 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.04(a).

| Invoice Number | Order Number | Ship Date |
|---|---|---|
| 28458120 | 37312235 | 8/12/2021 |
| 31419215 | 49030558 | 10/14/2021 |
| 41784671 | 65289583 | 4/28/2022 |

115.     Dr. Gomes failed to separate Schedule II controlled substances from Schedule III – V controlled substances and non-controlled substances on his biennial inventory, in violation of 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.04(f)(1).

116.     Dr. Gomes failed to separate Schedule III through V controlled substances from Schedule II substances on his biennial inventory and failed to separate Schedule III through V controlled substances from non-controlled substances on his dispensing log, in violation of 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.04(f)(2).

117.     A six-month accountability audit revealed shortages or overages for three (3) controlled substances, in violation of 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.21(a).

| Substance | Shortage (-) / Overage (+) |
|---|---|
| fentanyl 100mcg/2ml | +63 vials (2ml vials) |
| midazolam 1mg/ml | -7 vials (2ml vials) |
| ketamine 500mg/10ml | -16.75 vials (10ml vials) |

118.     Dr. Gomes failed to indicate the opening of business or the close of business on his biennial inventory, in violation of 21 U.S.C. § 827(b) and 21 C.F.R. § 1304.11(a).

119.     Dr. Gomes failed to record the date of receipt for Schedule III through V controlled substances on four (4) invoices and/or packing slips, in violation of 21 U.S.C. § 827(b) and 21 C.F.R. § 1304.21(d).

| Order Number | Order PO | Ship Date |
|---|---|---|
| 6375669M | 29093254 | 8/30/2021 |
| 656241055M | 29610041 | 12/03/2021 |
| 656241055M | 29761096 | 12/31/2021 |
| 696887110M | 30743999 | 7/05/2022 |

120.    Dr. Gomes failed to indicate the name and address of the person to whom a controlled substance was dispensed, the number of units or volume dispensed, and/or the written or typewritten name or initials of the individual who dispensed or administered the substance for three (3) controlled substances, in violation of 21 U.S.C. § 827(b) and 21 C.F.R. § 1304.22(c).

121.    Dr. Gomes failed to enter the number of commercial or bulk contained furnished on each item and the date on which the containers were shipped to the purchaser on one (1) DEA Form 222, in violation of 21 U.S.C. § 827(b) and 21 C.F.R. § 1305.13(b).

| DEA 222 Order Form Number | Date |
|---|---|
| 212827855 | 1/21/2022 |

122.    Dr. Gomes failed to electronically link seven (7) CSOS orders upon receipt of controlled substances, in violation of 21 U.S.C. § 827(b) and 21 C.F.R § 1305.22(g).

| DEA 222 Order Form Number | Date |
|---|---|
| 21X275315 | 12/17/2021 |
| 22X276843 | 1/12/2022 |
| 21X276615 | 1/12/2022 |
| 22X287706 | 6/3/2022 |
| 22X289759 | 7/13/2022 |
| 22X292684 | 9/1/2022 |
| 22X293131 | 9/1/2022 |

123.    Dr. Gomes failed to properly document the distribution of Schedule II controlled substances to another registered practitioner for general dispensing on two (2) occasions, in violation of 21 U.S.C. § 827(b) and 21 C.F.R. § 1307.11(a)(1)(iii). These relate to a transfer of 50 vials of fentanyl 50mcg/ml from the Victoria registered location to the Laredo registered location

on March 15, 2022, and a transfer of 50 vials of fentanyl 50mcg/ml from the Victoria registered location to the El Paso registered location on May 2, 2022.

124.    Dr. Gomes failed to use a DEA Form 222 for transferring a Schedule II controlled substance on two (2) occasions, in violation of 21 U.S.C. § 828(a) and 21 C.F.R. § 1305.03. These relate to a transfer of 50 vials of fentanyl 50mcg/ml from the Victoria registered location to the Laredo registered location on March 15, 2022, and a transfer of 50 vials of fentanyl 50mcg/ml from the Victoria registered location to the El Paso registered location on May 2, 2022.

125.    At all times relevant to these allegations, Dr. Gomes was acting (a) within the scope of his authority as the CEO and Medical Director of PAD Specialists and PAD Specialists - Victoria, and (b) for the purpose of benefitting PAD Specialists and PAD Specialists - Victoria. Accordingly, PAD Specialists and PAD Specialists - Victoria are vicariously liable for Dr. Gomes' violations of 21 U.S.C. § 842(a)(5).

126.    Pursuant to 21 U.S.C. § 842(c) and 28 C.F.R. § 85.5, the United States is entitled to recover a penalty of up to $18,759 for each violation of 21 U.S.C. § 842(a)(5) set forth above.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff United States of America prays for judgement in its favor and against the defendants as follows:

On Count I, civil penalties in an amount to be determined at trial against Dr. Andrew E. Gomes, NIRP Management, LLC, doing business as PAD Specialists, and NIRP Sugar Land, PLLC, doing business as PAD Specialists - Sugar Land, together with costs, post-judgment interest, and any such other relief as the Court deems just and proper;

On Count II, civil penalties in an amount to be determined at trial against Dr. Andrew E. Gomes, NIRP Management, LLC, doing business as PAD Specialists, and NIRP Pasadena, PLLC,

doing business as PAD Specialists - Pasadena, together with costs, post-judgment interest, and any such other relief as the Court deems just and proper;

On Count III, civil penalties in an amount to be determined at trial against Dr. Andrew E. Gomes, NIRP Management, LLC, doing business as PAD Specialists, and NIRP Houston, PLLC, doing business as PAD Specialists - Houston, together with costs, post-judgment interest, and any such other relief as the Court deems just and proper;

On Count IV, civil penalties in an amount to be determined at trial against Dr. Andrew E. Gomes and NIRP Management, LLC, doing business as PAD Specialists, together with costs, post-judgment interest, and any such other relief as the Court deems just and proper;

On Count V, civil penalties in an amount to be determined at trial against Dr. Andrew E. Gomes, NIRP Management, LLC, doing business as PAD Specialists, and NIRP Waco, PLLC, doing business as PAD Specialists - Austin, together with costs, post-judgment interest, and any such other relief as the Court deems just and proper; and

On Count VI, civil penalties in an amount to be determined at trial against Dr. Andrew E. Gomes, NIRP Management, LLC, doing business as PAD Specialists, and NIRP Victoria, PLLC, doing business as PAD Specialists - Victoria, together with costs, post-judgment interest, and any such other relief as the Court deems just and proper.

Respectfully submitted,

JAIME ESPARZA
United States Attorney

*/s/ Thomas A. Parnham Jr.*
THOMAS A. PARNHAM JR.
Assistant United States Attorney
New York Bar No. 4775706
903 San Jacinto, Suite 334
Austin, Texas 78701
(512) 916-5858 (phone)
(512) 916-5854 (fax)
thomas.parnham@usdoj.gov

**Counsel for the United States**